[Cite as *Glenn v. Dept. of Rehab. & Corr.*, 2011-Ohio-7009.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL GLENN

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2010-08187

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

## MAGISTRATE DECISION

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} As an initial matter, plaintiff's August 16, 2011 motions to "convey and subpoena" and for appointment of counsel are DENIED. Additionally, defendant's August 17, 2011 motion to dismiss or, in the alternative, for the exclusion of evidence, in limine, is also DENIED.

{¶3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the North Central Correctional Institution (NCCI) pursuant to R.C. 5120.16. On June 24, 2008, shortly after arriving at NCCI, plaintiff was assaulted by inmate Eugene McDonald and suffered severe injury to his left eye. Plaintiff testified that he was in prison for murdering McDonald's mother and sister. According to plaintiff, on the day of the incident, he had just arrived at NCCI and he and his new "bunky" were on their way to their housing unit when McDonald attacked him from behind. Plaintiff

stated that he knew McDonald was incarcerated but thought he was at the Toledo Correctional Institution. However, plaintiff admitted that he did not inform any of defendant's staff that McDonald was related to the victims of his crimes and did not request a separation order from McDonald. Plaintiff asserts that defendant was negligent in transferring him to NCCI where McDonald was also incarcerated.

{¶4} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶5} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. *Hughes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-1052, 2010-Ohio-4736, ¶14-15; see also *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235; *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶11, citing *Doss v. Ohio Dept. of Rehab.*

*& Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

{¶6} Corrections Officer J. Shifer responded to the fight between plaintiff and McDonald on June 24, 2008. Shifer testified that the men ignored his orders to stop fighting and he had to use pepper spray to break up the fight. According to Shifer, plaintiff had just arrived at NCCI earlier that day and he had no knowledge either of the facts of plaintiff's crimes or that McDonald was related to the victims of those crimes. Shifer testified that he was not aware of any separation order for plaintiff and McDonald.

{¶7} Corrections Captain D. Melton responded to an informal complaint that plaintiff filed following the attack. Melton testified that he reviewed plaintiff's file and there was not a separation order with respect to plaintiff and McDonald.

{¶8} W. Eleby is the Chief of defendant's Bureau of Classification and Reclassification. With respect to separation orders, Eleby testified that when inmates enter into defendant's custody, they are given the opportunity to identify possible threats or conflicts with other inmates in defendant's custody or with employees of defendant. Eleby further testified that inmates can request separation orders at any time and that such a request would initiate an investigation to determine if there are grounds for a separation order. Eleby stated that following the incident, he conducted an investigation. According to Eleby, plaintiff never notified defendant that McDonald was related to his victims or requested a separation order against McDonald. Eleby testified that no separation order existed between plaintiff and McDonald prior to the incident, but that he issued one for the two men afterward and that plaintiff was transferred to the Belmont Correctional Institution as a result.

{¶9} Based upon the foregoing, the court finds that defendant did not have notice of an impending attack on plaintiff and is therefore not liable for plaintiff's injuries. Indeed, it is clear that defendant had no knowledge that McDonald was related to plaintiff's victims and that while plaintiff did know that McDonald was also in defendant's custody, he failed to make that fact known to defendant.

{¶10} Accordingly, judgment is recommended in favor of defendant.

{¶11} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision*

*during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Heidi C. James
Assistant Attorney General
Crime Victims Assistance and Prevention
150 East Gay Street, 25th Floor
Columbus, Ohio 43215

Michael Glenn, #515-726
940 Marion-Williamsport Road
Marion, Ohio 43302

Filed December 5, 2011
To S.C. reporter March 5, 2012